UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTONIO VALLIN BRIDGES,

      Plaintiff,

Case No. 5:06-CV-46

v.

Hon. Richard Alan Enslen

WILLIAM E. COLLETTE,
WILLIAM C. WHITBECK, and
CLIFFORD W. TAYLOR,

**OPINION**

      Defendants.
_____/

This matter is before the Court on Defendants Hon. William E. Collette, Hon. William C. Whitbeck, and Hon. Clifford W. Taylor's dispositive motions. The Court has previously ordered and received supplemental briefing in connection with such motions. Oral argument is unnecessary in light of the briefing received. *See* W.D. Mich. L. Civ. R. 7.2(d).

**FACTUAL BACKGROUND**

Plaintiff Antonio Vallin Bridges has filed a *pro se* Complaint regarding his treatment by the Lansing Circuit Court, the Michigan Courts of Appeals and the Michigan Supreme Court. More specifically, he is challenging the interpretations of the Judges of those Courts which have imposed requirements that he pay partial filing fees and past fee assessments as a condition for future judicial access in connection with his state court challenge to a prison misconduct determination. The Complaint references Michigan Compiled Laws § 600.2963 and the failure of Defendants to afford him an indigent fee waiver pursuant to Michigan Compiled Laws § 600.2963(7). (Compl. 6-7.) Plaintiff alleges that he is unable to pay the fees and the fee processing has had the effect of

preventing him from exhausting his state court remedies so as to frustrate further habeas challenges under 28 U.S.C. § 2254. (*Id.*)

The record does reflect that Plaintiff was accessed a partial filing fee ($2.00) in connection with his state challenge and was further instructed not to re-file his action until the Department of Corrections had collected his past fee delinquencies ($373.00). (Compl., Ex. 1.; *see also* Collette Br. in Support, Ex. 1 (Mar. 2, 2006 Order re partial fees).)

**SUMMARY JUDGMENT STANDARDS**

While Defendants Taylor and Whibeck's original Motion to Dismiss was made pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Collette's Motion to Dismiss and/or for Summary Judgment was made under Rules 12(b)(6) and 56. Collette's Brief referenced matters outside the pleadings. (*See* Collette Br. in Supp., Ex. 1.) Given that reference and given that the supplemental briefing of all Defendants considers the complete record, including matters outside the pleadings, the Court will decide the motions under Rule 56 consistent with the last sentence of Rule 12(b).[1]

Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant

---

[1] This procedural decision has not modified the outcome in that the Court would reach the same determination applying the Rule 12(b)(1) and 12(b)(6) standards to the motions.

to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

In assessing evidence, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255). The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**LEGAL ANALYSIS**

First amongst the legal arguments made by Defendants is the argument that the claims brought should be dismissed due to judicial immunity. (*See* Collette Suppl. Br. 1.) This argument overlooks the relief sought–only declaratory relief. (*See* Pl.'s Suppl. Br. 1 n.1, Compl. 7.) While judicial immunity prevents recovery of damages, it does not bar prospective judicial relief against a judge acting in his judicial capacity. *Pullmen v. Allen*, 466 U.S. 522, 541-43 (1984); *see also Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996).

This does not end the inquiry, however. The *Rooker-Feldman* doctrine, which is aimed at preserving comity between the state and federal courts, does apply to certain claims seeking

injunctive relief against state court judges.² The application of the *Rooker-Feldman* doctrine was explained by the Sixth Circuit Court of Appeals in *Howard v. Whitbeck*, 382 F.3d 633, 640-42 (6th Cir. 2004), a case involving a challenge to the same circumstances, same statute and one of the same defendants involved in this suit (Defendant Whitbeck). The *Howard v. Whitbeck* decision explained that the *Rooker-Feldman* doctrine does bar a federal as-applied constitutional challenge to the state circuit court and state appeals courts' decisions denying pauper status. *Id.* At the same time, it explained that the *Rooker-Feldman* doctrine did not bar consideration of a federal facial challenge to the constitutionality of the pauper statute at issue. *Id.*

In this case, the challenge to the denial of pauper status is worded in terms of the concrete decisions made by the state judges concerning Plaintiff's indigency and the review of that decision. Plaintiff's Supplemental Brief, though characterizing his challenge as a facial challenge, is likewise worded in terms of his concrete financial situation–"$-953.48 in the hole," Pl.'s Suppl. Br. 3–rather than the terms of the statute which would make it unconstitutional. As such, the challenge is properly termed an as-applied challenge to the pauper determination. Indeed, the challenge assumes that the judges at issue have authority under Michigan Compiled Laws § 600.2963(7) to grant a waiver of the provisions of § 600.2963(8) requiring repayment of outstanding fees as a condition for filing future actions. Therefore, under *Howard v. Whitbeck,* the Court is required to dismiss Plaintiff's declaratory relief claims due to lack of jurisdiction under the *Rooker-Feldman* doctrine.

---

²The doctrine's name originates from the cases of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The focus of the doctrine is to abstain from decision when the suit presents to the federal courts a challenge to a final state court judgment and to avoid claims which are inextricably intertwined with the state court judgment. *See Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003).

Nevertheless, assuming for the purpose of argument that Plaintiff's Complaint articulates a facial challenge to the provision of Michigan Compiled Laws § 600.2963(8)--requiring rejection of suits by suitors with unpaid balances--the Court would reject such argument because that subsection must be read *in pari materia* with section 600.2963(7) to preserve the constitutionality of the statute by permitting the state court to waive the section 600.2963(8) practice when it would result in violation of indigent suitors' constitutional rights to seek appellate and habeas review (*see Griffin v. Illinois*, 351 US. 12, 17 (1956) and *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  *See also Concrete Pipe & Prods. of Cal., Inc. v. Construction Laborers Pension Trust for S. Cal.,* 508 U.S. 602, 628-29 (1993) (favoring statutory constructions which avoid constitutional issues); *Lynch v. Overholser,* 369 U.S. 705, 711 (1962) (same).[3]

## **CONCLUSION**

Consistent with this Opinion, Judgment shall enter abstaining from further decision as to Plaintiff's claims and dismissing them.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 2, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[3]Having determined that the suit must be dismissed, the Court is nevertheless troubled that this prisoner, and others like him, appear to be indigent and appear to have lawsuits dismissed due to fee balances which they cannot cure given their indigency.  Should this pattern persist, then eventually the United States Supreme Court would be obliged to address why the Defendant Judges are not providing equal access to the courts to indigent prisoners.